Dennis T. Kearney
Paul R. Marino
**DAY PITNEY LLP**
7 Times Square
New York, NY  10039
Telephone:  (212) 297-5800
Facsimile:   (212) 916-2940
dkearney@daypitney.com
pmarino@daypitney.com

*Attorneys for All Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHELBY FRANKLIN, individually on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STEW LEONARD'S EAST MEADOW LLC, STEW LEONARD'S FARMINGDALE LLC, STEW LEONARD'S YONKERS LLC, STEW LEONARD'S HOLDINGS, LLC<br><br>Defendants. | Case No. 2:18-cv-07237-JFB-AYS<br><br>**ANSWER OF ALL DEFENDANTS TO CLASS ACTION COMPLAINT** |

Defendants Stew Leonard's East Meadow LLC, Stew Leonard's Farmingdale LLC, Stew Leonard's Yonkers LLC, and Stew Leonard's Holdings LLC (collectively, "Defendants"), through the undersigned counsel, as and for their Answer to the Corrected Class Action Complaint (the "Complaint") by Plaintiff, Shelby Franklin, state as follows:

102452466.1

## NATURE OF THE ACTION

1. Paragraph 1 of the Complaint contains a description of the action, which does not require a response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint, except they admit that the Office of the New York Attorney General released a report entitled "Fishy Business: Seafood Fraud and Mislabeling in New York State Supermarkets" (the "OAG Report").

3. Defendants deny the allegations contained in paragraph 3 of the Complaint, except they admit that paragraph 3 recites language from page 1 of the OAG Report.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 5 of the Complaint.

## FACTUAL BACKGROUND

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except they admit that the OAG Report is attached to the Complaint as Exhibit A and refer to an original or authenticated copy of the OAG Report for its content.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint, except they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what the Office of the New York Attorney General did.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except they admit that the OAG Report is attached to the Complaint as Exhibit A and refer to an original or authenticated copy of the OAG Report for its content.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except they admit that the OAG Report is attached to the Complaint as Exhibit A and refer to an original or authenticated copy of the OAG Report for its content.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except they admit that the OAG Report is attached to the Complaint as Exhibit A and refer to an original or authenticated copy of the OAG Report for its content.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, except they admit that the OAG Report is attached to the Complaint as Exhibit A and refer to an original or authenticated copy of the OAG Report for its content.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint, except they admit that the supermarkets Defendants own and operate sell a wide variety of fish products.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint, except they admit that the OAG Report is attached to the Complaint as Exhibit A and refer to an original or authenticated copy of the OAG Report for its content.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint to the extent such allegations are directed at Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a legal conclusion that does not require a response.

20. Paragraph 20 of the Complaint states a legal conclusion that does not require a response.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except they admit that the OAG Report is attached to the Complaint as Exhibit A and refer to an original or authenticated copy of the OAG Report for its content.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint, except Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff paid money for the Products.

## **JURISDICTION AND VENUE**

33. Paragraph 33 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Paragraph 34 states a legal conclusion that does not require a response. To the extent a response is required, Defendants admit that they supply goods within the state of New York and transact business in the state of New York.

35. Paragraph 35 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff and putative "Class Members" reside.

## PARTIES

**Plaintiff**

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33(a) of the Complaint,[1] except Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff was or would have been willing to purchase or pay.

---

[1] Plaintiff has incorrectly numbered the Complaint, which goes from paragraph 36 back to paragraph 33, so that paragraph numbers 33, 34, 35, and 36 appear twice in the Complaint. For ease of reference, this Answer tracks the incorrectly numbered paragraphs in the Complaint, so that the paragraph numbers in this Answer will always match the corresponding paragraphs in the Complaint. The second time such paragraph numbers appear they are referred to in this Answer as 33(a), 34(a), 35(a), and 36(a).

34. Defendants deny the allegations contained in paragraph 34(a) of the Complaint, except Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff would or would not do in the future.

**Defendants**

35. Defendants deny the allegations contained in paragraph 35(a) of the Complaint.

36. Defendants admit the allegations contained in paragraph 36(a) of the Complaint, except they deny that Stew Leonard's East Meadow LLC is a corporation (it is a limited liability company).

37. Defendants admit the allegations contained in paragraph 37 of the Complaint, except they deny that Stew Leonard's Farmingdale LLC is a corporation (it is a limited liability company).

38. Defendants admit the allegations contained in paragraph 38 of the Complaint, except they deny that Stew Leonard's Yonkers LLC is a corporation (it is a limited liability company).

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

## **CLASS ALLEGATIONS**

40. Defendants deny the allegations contained in paragraph 40 of the Complaint, except they admit that Plaintiff is purporting to bring this matter on behalf of a purported class of putative plaintiffs.

41. Defendants admit that Plaintiff is seeking class certification, but deny that class certification is appropriate.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint, except Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's beliefs.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint, including all subparts of paragraph 44 ((a) – (f)).

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint, except they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the qualifications of Plaintiff's counsel.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint, including all subparts of paragraph 48 ((a) – (i)).

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

## INJUNCTIVE RELIEF

50. Paragraph 50 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 50 of the Complaint.

## FIRST CAUSE OF ACTION
## VIOLATION OF NEW YORK GBL § 349
**(On Behalf of Plaintiff and All Class Members)**

51. Defendants repeat and re-allege their responses to the allegations contained in the foregoing paragraphs as if fully set forth herein.

52. Paragraph 52 of the Complaint states a legal conclusion that does not require a response.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58(a)[2] of the Complaint.

## SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK GBL § 350
### (On Behalf of Plaintiff and All Class Members)

59. Defendants repeat and re-allege their responses to the allegations contained in the foregoing paragraphs as if fully set forth herein.

60. Paragraph 60 of the Complaint states a legal conclusion that does not require a response.

---

[2] Plaintiff has incorrectly numbered the Complaint, so that paragraph number 58 appears twice. For ease of reference, this Answer tracks the incorrectly numbered paragraphs in the Complaint, so that the paragraph numbers in this Answer will always match the corresponding paragraphs in the Complaint. The second time paragraph 58 appears it is referred to in this Answer as paragraph 58(a).

102452466.1

-11-

61. Paragraph 61 of the Complaint states a legal conclusion that does not require a response.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT
### (On Behalf of Plaintiff and All Class Members)

70. Defendants repeat and re-allege their responses to the allegations contained in the foregoing paragraphs as if fully set forth herein.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

# FOURTH CAUSE OF ACTION
# BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### (On Behalf of Plaintiff and All Class Members)

77. Defendants repeat and re-allege their responses to the allegations contained in the foregoing paragraphs as if fully set forth herein.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint states a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction because the amount in controversy is less than $5,000,000.

3. Plaintiff failed to take appropriate steps to mitigate or otherwise avoid any damages that she claims to have suffered.

4. Plaintiff's claims are barred, in whole or in part, because any damages allegedly suffered by Plaintiff were caused by third parties unrelated to Defendants and over whom Defendants had no control.

5. The proposed class and class allegations should be stricken because individualized issues predominate over common questions of fact and law.

6. The proposed class and class allegations should be stricken because the named Plaintiff's claims are not typical of the putative class members' claims.

7. The proposed classes and class allegations should be stricken because the identities of the proposed class members are not ascertainable.

8. The proposed classes and class allegations should be stricken because Plaintiff is not an adequate class representative.

9. Plaintiff's claims are barred by the doctrine of laches.

10. At all relevant times, Defendants' alleged actions were commercially reasonable and appropriate.

                                              Dennis T. Kearney
                                              Paul R. Marino
                                              DAY PITNEY LLP
                                              7 Times Square
                                              New York, NY  10039
                                              Telephone:  (212) 297-5800
                                              Facsimile:  (212) 916-2940
                                              dkearney@daypitney.com
                                              pmarino@daypitney.com

                                              By: /s/ Dennis T. Kearney
                                                       Dennis T. Kearney

Dated:  April 4, 2019                    Attorneys for All Defendants